Filed 9/14/21  T.C. v. Superior Court CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| T.C.,<br><br>      Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>      Respondent;<br><br>CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU,<br><br>      Real Party in Interest. | A162951<br><br>(Contra Costa County Super. Ct. No. J2000558) |

In this writ proceeding, petitioner T.C. ("Father") requests that this court vacate the juvenile court's June 24, 2021 order setting a Welfare and Institutions Code section 366.26[1] permanency planning hearing on October 14.  (See Cal. Rules of Court, rule 8.452.)  He contends insufficient evidence supports the court's finding he failed to make "substantive progress" in his case plan, as required to support setting the 366.26 hearing under

_____

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

section 366.21, subdivision (e)(3). Father has not shown the juvenile court erred.

The underlying juvenile dependency proceeding was initiated by an October 2020 petition ("Petition") filed by the Contra Costa County Children and Family Services Bureau (the "Bureau") alleging that Father's daughter R.C. ("Minor"), born April 2019, was within the jurisdiction of the juvenile court under section 300. The Petition alleged Minor was at risk of serious harm and neglect because of her parents' substance abuse. The Bureau's detention/jurisdiction report explained that the Petition followed the discovery of pieces of foil containing heroin residue strewn about the Minor's home, a spoon in the master bedroom containing heroin, and heroin paraphernalia accessible to Minor and her half-siblings. In November 2020, Father pled no contest to an allegation he had a serious substance abuse problem that placed Minor at risk of serious harm and neglect.

Father's court-ordered case plan required him to complete counseling, parenting education, and an inpatient substance abuse treatment program, as well as to refrain from drug use and to participate in random testing. In the Bureau's report for the six-month review hearing, the Bureau reported that Father claimed to be participating in therapy, parenting education, and outpatient substance abuse services. However, the Bureau's social worker was largely unable to verify Father's participation in those services or the extent of participation because Father failed to provide sufficient contact information or the identified service providers failed to respond to the worker's inquiries. Furthermore, Father was not in an inpatient treatment program, and Father had missed 24 drug tests. The Bureau recommended termination of reunification services to both parents and the setting of a section 366.26 permanency planning hearing.

At the June 24, 2021 contested six-month review hearing, Father's counsel stated, "I don't have any additional evidence to present at this time, but I would also object for the record. I think in the status review report it does outline that my client has been working with the organization BAART, on his substance abuse issues." The juvenile court terminated reunification services to both parents and set the matter for a section 366.26 hearing on October 14. The present writ petition followed.

Father contends the juvenile court erred in setting the section 366.26 hearing because the evidence did not support the court's finding under section 366.21, subdivision (e)(3). That statute provides in relevant part, "If the child was under three years of age on the date of the initial removal, . . . and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to Section 366.26 within 120 days." We review the court's order for substantial evidence. (*Fabian L. v. Superior Ct.* (2013) 214 Cal.App.4th 1018, 1028.)[2]

Father contends the juvenile court "improperly shifted the burden to [him] to prove he participated and made substantive progress in his case plan." At the outset, we observe Father cites no authority he was not required to provide evidence of his participation in services. More

___

[2] Although the juvenile court did not expressly make a finding in the language of section 366.21, subdivision (e)(3), the court did expressly find "the extent of progress which the father has made toward alleviating or mitigating the causes necessitating placement in foster care is minimal." In any event, we may imply the section 366.21, subdivision (e)(3) finding in the circumstances of the present case. (*In re Aurora P.* (2015) 241 Cal.App.4th 1142, 1166 ["Where the statute does not mandate explicit findings, and where substantial evidence supports the juvenile court's order, findings may be implied."].)

fundamentally, it is clear the juvenile court's finding under section 366.21, subdivision (e)(3), is supported by substantial evidence, even if this court assumes the truth of Father's claims he participated in some counseling, parent education, and outpatient substance abuse treatment.  It is undisputed Father did not comply with the drug testing requirement or enter inpatient treatment.  Given that Father's substance abuse was the basis for the Petition, the juvenile court's finding that Father "failed to participate regularly and make substantive progress in" his treatment plan is amply supported by the record.  (§ 366.21, subd. (e)(3).)

DISPOSITION

The writ petition is denied.


 

_____

SIMONS, J.

We concur.




_____

JACKSON, P. J.




_____

NEEDHAM, J.



(A162951)